**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-03730-STV

KF FINANCIAL, INC.,

Plaintiff,

v.

SET 4 LIFE AGENCY, LLC; and
THOMAS POULIN,

Defendants.

---

**ORDER**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion for Leave to Effect Alternative Service on Defendants and for Costs and Attorneys' Fees Pursuant to Fed. R. Civ. P. 4(d)(2) (the "Motion"). [#9] Through the Motion, Plaintiff requests that the Court permit substituted service on Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Colorado Rule of Civil Procedure 4(f). [*Id.*] This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated this action on August 14, 2026, seeking injunctive relief and damages for alleged trademark infringement and unfair competition. [#1] Defendant Poulin allegedly formed Defendant Set 4 Life which competes with Plaintiff, doing

business as Set For Life, in the insurance brokerage industry. [*Id.*] On April 28, 2026, Plaintiff sent a cease-and-desist letter to Defendants at the address of Defendant Set 4 Life's principal place of business and by email. [#9 at 3] Defendants did not comply. [*Id.*]

Defendants are represented by attorney Kyle Coker. [*Id.*] Plaintiff's counsel has been in contact with Mr. Coker on several occasions. [*Id.*] These communications included a request that Mr. Coker accept service on behalf of his clients, a notice that his clients are evading service, and a transmittal of a formal Notice of a Lawsuit and Request to Waive Service of Summons. [*Id.*] On August 11, 2026, Plaintiff spoke with Mr. Coker about the nature of the dispute and asked if Mr. Coker could accept service on behalf of his clients. [#11-1 at ¶ 4] Mr. Coker stated that he would check with his clients but never responded. [*Id.*] On August 28, 2026, Mr. Coker sent a letter to Plaintiff's counsel describing the terms of a proposed settlement offer on behalf of his clients. [*Id.* at ¶ 6] Mr. Coker did not respond to further communications regarding service. [*Id.* at ¶ 7]

Plaintiff also engaged a process server in the state of Florida, where Defendants are believed to be located, to personally serve Defendants. [#9 at 4] The process server attempted to serve Defendants at the principal place of business, which is a condominium at which Defendant Poulin is believed to reside, on six occasions. [#9-2 at 2] Between August 22 and August 25, 2026, the process server attempted service three times and the door was not answered. [*Id.*] On August 27, 2026, the process server attempted service, noting that he could hear people inside of the residence but that they would not open the door. [*Id.*] On August 28, the process server again

attempted service, received no answer at the door, and left a card. [*Id.*] On August 29, 2026, the process server again attempted service, received no answer at the door, and noted that the calling card he had left was no longer there. [*Id.*] Based upon these facts, Plaintiff believes that Defendants are intentionally evading service. [#9 at 5] Thus, on October 8, 2026, Plaintiff filed the instant motion seeking substituted service. [#9]

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person

deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. As outlined above, Plaintiff has attempted to contact Defendants' counsel regarding service and has attempted service on Defendants on six occasions. Plaintiff asks the Court to allow service upon Defendants by certified mail at the same address at which service was previously attempted, Set 4 Life Agency, LLC's principal place of business, and upon Defendants' counsel. [#9 at 6]

There are several examples of when substituted service on a defendant's current or former attorney is appropriate to effectuate personal service on the defendant. If an attorney is currently representing a defendant, it is reasonable to infer that the attorney will give actual notice of service to that defendant, and substituted service on that attorney is therefore appropriate. *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019) (citing *Contrada, Inc. v. Parsley*, No. 1:10-cv-00646-WYD-CBS, 2010 WL 2943428, (D. Colo. July 21, 2010)). Substituted service on a former attorney can also be granted when such service will reasonably apprise the defendant of the lawsuit. *Sandia Lab'y Fed. Credit Union v. Burg*, No. 1:24-cv-01443-SKC-STV, 2024 WL 4728025, at *4 (D.

Colo. Nov. 8, 2024) (finding substitute service on Defendant's former attorney appropriate because it would reasonably give Defendant notice of the lawsuit and it comports with due process). Indeed, service upon an attorney, who may or may not have represented the defendant but has had dealings with them, can also be appropriate if the attorney has already given actual notice of service to the defendant. *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (ordering substituted service on attorney who had potentially represented defendants in settlement negotiations relating to the lawsuit and had provided actual notice of the lawsuit to them). In addition "Colorado Rule of Civil Procedure 4(f) allows for substitute service by personal delivery to a substituted person and mailing to defendant, but does not contemplate substitute service by certified mail, only." *Kuciapinski v. Ennis*, No. 24-cv-02181-MDB, 2025 WL 1158434, at *2 (D. Colo. Apr. 21, 2025) (emphasis omitted).

Here, Mr. Coker appears to represent Defendants related to the present case, as Mr. Coker proposed settlement as to the claims of the present case. [#11-1 at ¶ 6] Mr. Coker is also in contact with Plaintiff and Defendants about service in the instant case. [*Id.* at ¶¶ 4, 5, 7] Defendants also appear to already be aware of Plaintiff's claims against them given that Mr. Coker was able to identify suitable terms of settlement on behalf of Defendants. [*Id.* at ¶ 6] Given that Defendants have refused to answer the door for the process server on several occasions, even when people could be heard within the unit, it appears that Defendants are evading service. [*See* #9-2 at 2] The Court finds that the proposed substitute service on Attorney Kyle Hotchkiss is reasonably calculated to give Defendants actual notice of the lawsuit and comports with

due process. The Court finds that additional service by certified mail, return receipt requested, at Defendants' last known addresses will further comport with due process. Thus, the Court will require both forms of service.

## III. CONCLUSION

For the reasons stated above, it is **ORDERED** as follows:

(1) Plaintiff's Motion [#9] is **GRANTED**;

(2) Plaintiff is authorized to personally serve Defendants by substituted service on Kyle Coker of Coker & Coker, PLLC at 1901 Main Street, Suite 5330, Dallas, TX 75202 and by substituted service via certified mail, return receipt requested, to Thomas Poulin and Set 4 Life Agency, LLC at 2200 North Ocean Blvd., #906S, Fort Lauderdale, FL 33305;

(3) Service of process shall be effectuated upon Defendants in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, on or before the date of delivery of process to Kyle Coker of Coker & Coker, PLLC at 1901 Main Street, Suite 5330, Dallas, TX 75202 and by sending a copy of the summons, Complaint, and all other relevant documents, via certified mail with delivery confirmation and return receipt requested, to Thomas Poulin and Set 4 Life Agency, LLC at 2200 North Ocean Blvd., #906S, Fort Lauderdale, FL 33305;

(4) Plaintiff shall promptly file a status report informing the Court when such service is accomplished; and

(5) A Status Conference is set for November 24, 2026, at 9:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak.

DATED: October 13, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge